UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WILLIE JAMES NEWMAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  **COMPLAINT** |
| | ) |
| MICHAEL VAGNINI, | )  Case No. _____ |
| JACOB KNIGHT, | ) |
| JEFFREY CLINE | ) |
| JEFFREY DOLLHOPF, | ) |
| BRIAN KOZELEK, | ) |
| PAUL MARTINEZ, | ) |
| EDWARD A. FLYNN and | ) |
| CITY OF MILWAUKEE, | ) |
| | ) |
| Defendants, | ) |

Now comes the plaintiff, Willie James Newman, by his attorney, Ronald Bornstein of Bornstein Law Offices, S.C., and as and for this complaint against the defendants, alleges and shows to the Court as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of the plaintiff's rights guaranteed by the Constitution of the United States.

2. This court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331 and state law claims pursuant to 28 U.S.C § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b). The defendant, City of Milwaukee, is a municipal corporation located within this judicial district. Additionally, the events giving rise to the claims set forth herein occurred within this judicial district.

## II. PRELIMINARY ALLEGATIONS

1

4. The plaintiff, WILLIE JAMES NEWMAN ("Newman"), is an adult resident of the City and County of Milwaukee, State of Wisconsin, residing at 3225A North 13th Street, Milwaukee, WI 53206.

5. The defendant, MICHAEL VAGNINI ("Vagnini"), is an adult resident of the City and County of Milwaukee, State of Wisconsin, whose address is presently unknown; who, at all times material hereto, was employed as a police officer with the defendant, City of Milwaukee; and was acting under color of law and within the scope of his employment. Furthermore, said defendant is being sued in his individual capacity.

6. The defendant, JACOB KNIGHT ("Knight'), is an adult resident of the City and County of Milwaukee, State of Wisconsin, whose last known address, upon information and belief, was 3702 North 77th Street, Milwaukee, WI 53222; who, at all times material hereto, was employed as a police officer with the defendant, City of Milwaukee; and was acting under color of law and within the scope of his employment. Furthermore, said defendant is being sued in his individual capacity.

7. The defendant, JEFFREY CLINE ("Cline"), is an adult resident of the City and County of Milwaukee, State of Wisconsin, whose last known business address, upon information and belief, was 749 West State Street, Milwaukee, WI 53233; who, at all times material hereto, was employed as a police officer with the defendant, City of Milwaukee; and was acting under color of law and within the scope of his employment. Furthermore, said defendant is being sued in his individual capacity.

8. The defendant, JEFFREY DOLLHOPF ("Dollhopf"), is an adult resident of the City and County of Milwaukee, State of Wisconsin, whose last known address, upon information

2

Case 2:15-cv-01363-JPS   Filed 11/13/15   Page 2 of 10   Document 1

and belief, was 9127 West Mount Vernon Avenue, Milwaukee, WI 53226; who, at all times material hereto, was employed as a police officer with the defendant, City of Milwaukee; and was acting under color of law and within the scope of his employment. Furthermore, said defendant is being sued in his individual capacity.

9. The defendant, BRIAN KOZELEK ("Kozelek"), is an adult resident of the City and County of Milwaukee, State of Wisconsin, whose last known address, upon information and belief, was 3421 South 84th Street, Milwaukee, WI 53227; who, at all times material hereto, was employed as a police officer with the defendant, City of Milwaukee; and was acting under color of law and within the scope of his employment. Furthermore, said defendant is being sued in his individual capacity.

10. The defendant, PAUL MARTINEZ ("Martinez"), is an adult resident of the City and County of Milwaukee, State of Wisconsin, whose last known business address, upon information and belief, was 749 West State Street, Milwaukee, WI 53233; who, at all times material hereto, was employed as a police officer with the defendant, City of Milwaukee; and was acting under color of law and within the scope of his employment. Furthermore, said defendant is being sued in his individual capacity.

11. The defendant, EDWARD A. FLYNN ("Flynn"), is an adult resident of the City and County of Milwaukee, State of Wisconsin, and whose last known business address is 749 West State Street, Milwaukee, WI 53233; who, at all times material hereto, was employed as the Chief of Police of the defendant, City of Milwaukee. Furthermore, said defendant is being sued in his official capacity.

12. The defendant, CITY OF MILWAUKEE, is a municipal corporation organized and existing under the laws of the State of Wisconsin, with a principle address of 200 East Wells

Street, Milwaukee, WI 53202; that, at all times material hereto, was the employer of the defendants, VAGNINI, KNIGHT, CLINE, DOLLHOPF, KOZELEK, MARTINEZ and/or FLYNN, and pursuant to Wis. Stats. § 895.46 et seq., is obligated to pay any judgment for damages entered against any or all of said officers who are determined to be acting within the scope of their employment as City of Milwaukee police officers.

### III. FACTUAL ALLEGATIONS

13. On April 30, 2010, at approximately 1:18 a.m., Mr. Newman, an African American male, DOB: 8/1/77, was seated in his parked 2004 Chevrolet Impala in the parking lot of Haji's Red Hots at 2100 West Hopkins Street in the City and County of Milwaukee, State of Wisconsin.

14. That at said time, date place and location, the defendants, Vagnini, Knight, Cline, Dollhopf, Kozelek and Martinez, entered the parking lot of Haji's Red Hots and exited their vehicles.

15. After exiting their vehicles, defendants, Vagnini, Cline, Martinez and/or Knight and/or Dollhopf, approached Mr. Newman's parked vehicle.

16. That at said time, date place and location, the defendant, Vagnini, drew his firearm and ordered Mr. Newman to hold his hands up and the defendants, Cline and Martinez, ordered Mr. Newman to exit his vehicle.

17. After Mr. Newman was out of his vehicle, the defendants, Cline and Martinez, grabbed his arms and the defendant, Vagnini, placed him into handcuffs.

18. After the defendant, Vagnini, placed Mr. Newman in handcuffs, the defendant, Vagnini, in the presence of the defendants, Cline, Martinez, Dollhopf and/or Knight and/or Kozelek, and while in the parking lot of Haji's Red Hots, unbuckled Mr. Newman's belt; pulled

4

down Mr. Newman's pants and underwear just above his knees; in the process exposing Mr. Newman's genitalia to said police officers and other onlookers in the parking lot.

19. After exposing Mr. Newman's genitalia in said manner, and under said circumstances, the defendant, Vagnini, used his bare hands to search under Mr. Newman's scrotum and recovered a plastic bag containing marijuana.

20. As a result thereof, Mr. Newman was charged with possession of a controlled substance with intent to deliver, cocaine and possession of a controlled substance, THC.

21. With respect to his search of Mr. Newman's genitalia, the defendant, Vagnini, or the other defendants, at all times material hereto, were not healthcare professionals and furthermore, the defendant, Vagnini, conducted this invasive and unreasonable search of Mr. Newman's person in an unsafe and intentionally humiliating fashion.

22. At no time did Mr. Newman consent to any search of his person, property or vehicle and, in fact, was helpless to resist the defendant, Vagnini's conduct, given the latter's status as a City of Milwaukee Police Officer.

23. At all times material hereto, the defendant, Officers Knight, Cline, Martinez, Kozelek and Dollhopf, took no action to intervene and stop then Officer Vagnini's unconstitutional conduct with respect to Mr. Newman, even though they had the duty, ability and opportunity to do so.

24. On October 9, 2012, a criminal complaint was filed in the Circuit Court of Milwaukee County against then Officer Jacob Knight, charging him with, among other things, conducting an illegal strip/body cavity search of another African American male, Circuit Court of Milwaukee County Case No. 12-CF-4987.

25. On October 8, 2013, a judgment of conviction was entered against then Officer

5

Knight based upon his plea of no contest to one misdemeanor count of conducting an illegal body cavity search contrary to Wis. Stats. § 968.255(3).

26. On October 9, 2012, a criminal complaint was filed in the Circuit Court of Milwaukee County charging then Officer Vagnini with four counts of misconduct in office/acting in excess of his authority contrary to Wis. Stats. § 946.12(2); three counts of performing an illegal strip search contrary to Wis. Stats. § 968.255(2); and one count of illegal body cavity search contrary to Wis. Stats. § 968.255(3); said charges occurring with respect to other African American males in the City of Milwaukee, Circuit Court of Milwaukee County Case No. 12-CF-4984.

27. On June 21, 2013, a judgment of conviction was entered against then Officer Vagnini upon his plea of no contest to the above charges.

28. On October 9, 2012, a criminal complaint was filed in the Circuit Court of Milwaukee County against then Officer Jeffrey Dollhopf, Circuit Court of Milwaukee County Case No. 12-CF-4985.

29. On December 10, 2013, a judgment of conviction was entered against then Officer Dollhopf based upon his plea of no contest to one misdemeanor count of disorderly conduct – party to a crime, contrary to Wis. Stat. § 947.01 and § 939.50.

30. On October 9, 2012, a criminal complaint was filed in the Circuit Court of Milwaukee County against then Officer Brian Kozelek, Circuit Court of Milwaukee County Case No. 12-CF-4986.

31. On December 10, 2013, a judgment of conviction was entered against then Officer Kozelek based upon his plea of no contest to one misdemeanor count of disorderly conduct – party to a crime, contrary to Wis. Stat. § 947.01 and § 939.50.

32. As a direct and proximate result of the actions of the defendants, Vagnini, Knight, Cline, Dollhopf, Kozelek and/or Martinez, as detailed above, Mr. Newman suffered and continues to suffer bodily injury, pain, suffering, extreme emotional distress, anguish, humiliation, shame and fear.

33. Furthermore, that the acts of then Officers Vagnini, Knight, Cline, Dollhopf, Kozelek and/or Martinez, as previously alleged herein, were willful, wanton, malicious and/or in intentional disregard of the rights of Mr. Newman.

## IV. COUNT ONE – 42 U.S.C. § 1983
## UNREASONABLE SEARCH AND SEIZURE

34. Mr. Newman repeats and realleges all prior paragraphs herein and incorporates them by reference under this paragraph.

35. That the actions of the defendants, Vagnini, Knight, Cline, Dollhopf, Kozelek and Martinez, in illegally and unlawfully searching and physically abusing Mr. Newman with respect to the search of his person violated Mr. Newman's Fourth Amendment right to be free from unreasonable searches and seizures and caused him injuries and damages as set forth herein.

## V. COUNT TWO – 42 U.S.C. § 1983
## FAILURE TO INTERVENE

36. Mr. Newman repeats and realleges all prior paragraphs herein and incorporates them by reference under this paragraph.

37. That as previously alleged herein, Officers Knight, Cline, Dollhopf, Kozelek and Martinez had the opportunity, duty and ability to intervene on behalf of Mr. Newman at the time of then Officer Vagnini's illegal/unreasonable search of Mr. Newman but failed to do so and as a direct and proximate result of said conduct, were a cause of the injuries and damages sustained

by Mr. Newman as set forth herein.

## VI. COUNT THREE – 42 U.S.C. § 1983
## MUNICIPAL LIABILITY

38. Mr. Newman repeats and realleges all prior paragraphs herein and incorporates them by reference under this paragraph.

39. That prior to April 30, 2010, the defendant, City of Milwaukee, through its Chief of Police, the defendant, Edward Flynn, and/or other supervisory members of said department, knew, based upon multiple complaints by several other African American residents of the city that the defendant, then Officer Vagnini, while acting within the course and scope of his employment with the City of Milwaukee Police Department and under color of law, used his status as a police officer to conduct illegal strip/body cavity searches of African American males without probable cause and/or a reasonable basis to do so.

40. That despite said knowledge, the defendant, City of Milwaukee, through its Chief of Police, the defendant, Edward Flynn, and/or other supervisory members of said department, failed to take those steps necessary to provide adequate supervision and/or training to then Officer Vagnini and/or other officers similarly situated or, in lieu thereof, failed to take all steps reasonably necessary under the circumstances to protect African American male residents of the City of Milwaukee from the defendant then Officer Vagnini's improper, illegal and unconstitutional conduct.

41. That the defendant, City of Milwaukee, and/or Chief Flynn's failure to stop the defendant then Officer Vagnini's pattern of unconstitutional behavior, despite having repeated multiple complaints of said unconstitutional behavior by other African American males in the city, amounted to a deliberate indifference on the part of the City through its Police Department

8

and its Police Chief to the constitutional rights of Mr. Newman and other similarly situated African American males in the city.

42. That the deliberate indifference of the defendant, City of Milwaukee, through its Chief of Police, the defendant, Edward Flynn, and/or other supervisory members of said department, to the constitutional rights of African American male residents of the city following said repeated, multiple complaints regarding then Officer Vagnini's conduct prior to April 30, 2010 directly and proximately caused Mr. Newman, with respect to the aforesaid allegations, to sustain pain, suffering, disability, embarrassment, humiliation, distress and a deprivation of his constitutional rights.

### VII. COUNT FOUR – STATE LAW INDEMNIFICATION

43. Mr. Newman repeats and realleges all prior paragraphs herein and incorporates them by reference under this paragraph.

44. That pursuant to Wis. Stats. § 895.46, the defendant, City of Milwaukee, is obligated to pay any tort judgment for damages for which its employees are liable for acts occurring within the scope of their employment.

45. That at all times material hereto, the defendants, Vagnini, Knight, Cline, Dollhopf, Kozelek, Martinez and/or Flynn, committed the acts alleged herein under color of law and within the scope of their employment with the defendant, City of Milwaukee.

WHEREFORE, Mr. Newman requests judgment against the defendants, Vagnini, Knight, Cline, Dollhopf, Kozelek, Martinez, Flynn and/or the City of Milwaukee, jointly and severally, as follows:

1. For compensatory damages;

2. For costs and disbursements in bringing this action; and

3. For such other and further relief as the court may deem just and equitable.

FURTHERMORE, Mr. Newman requests judgment against the defendants, Vagnini, Knight, Cline, Dollhopf, Kozelek and/or Martinez, for punitive damages.

FURTHERMORE, Mr. Newman requests judgment against the defendant, City of Milwaukee, for indemnification as to judgments entered against the defendants, Vagnini, Knight, Cline, Dollhopf, Kozelek, Martinez and/or Flynn.

FURTHERMORE, MR. NEWMAN HEREBY DEMANDS A TRIAL BY A JURY OF TWELVE (12) ON ALL ISSUES SO TRIABLE.

Dated at Milwaukee, Wisconsin, this 13th day of November, 2015.

BORNSTEIN LAW OFFICES, S.C.

s/ Ronald Bornstein_____
Ronald Bornstein (WI State Bar No. 1005019)
Attorney for Plaintiff
735 North Water Street - Suite 516
Milwaukee WI 53202-4104
(414) 271-1600