UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WILLIE JAMES NEWMAN,<br><br>                   Plaintiff,<br><br>v.<br><br>MICHAEL VAGNINI, JACOB KNIGHT,<br>JEFFREY CLINE, JEFFREY DOLLHOPF,<br>BRIAN KOZELEK, PAUL MARTINEZ,<br>EDWARD A. FLYNN and<br>CITY OF MILWAUKEE,<br><br>                   Defendants. | Case No. 15-CV-1363-JPS<br><br><br><br>ORDER |

       The parties filed a letter with the Court on April 5, 2016, requesting entry of a stipulated confidentiality order. (Letter, Docket #12; Proposed Order, Docket #13-1). The parties request that the Court enter such an order so that they may avoid the public disclosure of confidential information and documents. (Docket #13-1). Rule 26(c) allows for an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G), Civil L.R. 26(e).

       The Court sympathizes with the parties' request and will grant it, but, before doing so, must note the limits that apply to protective orders. Protective orders are, in fact, an exception to the general rule that pretrial discovery must occur in the public eye. *American Telephone & Telegraph Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); Fed. R. Civ. P. 26(c); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Litigation must be "conducted in public to the maximum extent consistent with respecting trade secrets…and other facts that should be held in confidence." *Hicklin Eng'r, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

Nonetheless, the Court can enter a protective order if the parties have shown good cause, and also that the order is narrowly tailored to serving that cause. F.R.C.P. 26(c); *see, e.g.*, *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945, *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (holding that, even when parties agree to the entry of a protective order, they still must show the existence of good cause). The Court can even find that broad, blanket orders—such as the one in this case—are narrowly tailored and permissible, when it finds that two factors are satisfied:

(1) that the parties will act in good faith in designating the portions of the record that should be subject to the protective order; and

(2) that the order explicitly allows the parties to the case and other interested members of the public to challenge the sealing of documents.

*Cty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2006) (citing *Citizens First Nat'l Bank of Princeton*, 178 F.3d 943, 945 (7th Cir. 1999)).

The parties have requested the protective order in this case in good faith. This case involves a substantial amount of City of Milwaukee records, which may come from the Milwaukee Fire and Police Commission, the Department of Employee Relations, and the Milwaukee Police Department. (Docket #13-1 at 2). Such documents often include very sensitive material, including: information that may personally identify individuals including juveniles, confidential informants, family members of City of Milwaukee employees, and victims of violence and sexual crimes; financial information; health-care information; emergency contact information; statements made by witnesses, complainants, and arrestees; and other personal information. (Docket #13-1 at 1-2). In sum, many records involved in this case are

hypersensitive, and the parties clearly seek the requested protective order in good faith.

The parties' proposed protective order, however, appears overbroad.[1] It provides that, if the parties need to file any such documentation with the Court, they may do so by filing the documents with the Court under seal. In other words, it appears that the parties wish to be able to seal—in their entirety—any documents that contain sensitive information. This departs from the Court's desire to ensure that every phase of the trial occurs in the public eye to the maximum extent possible. *See Hicklin Eng'r, L.C.*, 439 F.3d at 348. While the Court understands that some documents will need to be sealed entirely, other documents may contain only small amounts of confidential information, and so redaction of those documents may be more appropriate.

The Court, thus, has crafted its own protective order to enter in this case. The Court's protective order still allows the parties to file documents under seal, but does not presume that every confidential document should be filed under seal in its entirety. Rather, it contemplates that the parties will use their judgment to determine the best way to protect confidential information in submitted documents. The order also includes a provision consistent with the Court's and this district's standard practice of allowing any party and any interested members of the public to challenge the sealing of documents. Finally, the Court's order also includes directives on how the parties should store the material and the purposes for which the material may be used.

---

[1] Some acceptable language appeared in the parties' stipulation regarding confidentiality (Docket #13), but not in their proposed order itself.

Finally, the Court must note that, while it finds the parties' proposed order to be permissible and will, therefore, enter it, the Court subscribes to the view that the Court's decision-making process must be transparent and as publicly accessible as possible. Thus, the Court preemptively warns the parties that it will not enter any decision under seal.

Because the parties' proposed protective order adequately complies with the standards set forth above (after the Court's minor changes), the Court will enter an order based on the parties' joint motion and proposed order to the Court.

Accordingly,

Pursuant to the stipulation of the parties (Docket #13), the Court finds that the exchange of sensitive information between the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties and to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of this Order.

IT IS THEREFORE ORDERED that, pursuant to Civil Local Rule 26(e) and Federal Rule of Civil Procedure 26(c)(1)(D),

1. The following documents are to be handled as confidential and subject to this Protective Order:

      a. personally-identifying information, including dates of birth, social security numbers, home addresses, and phone numbers;

      b. information which can in any way identify a juvenile;

      c. information which can in any way identify a confidential informant;

      d. financial information, including banking-related account numbers, the identification of any financial

institution along with any individual who maintains an account with that institution; income tax information and mortgage-related information;

e. health-care-related information, including information which is related to physical, psychological or general medical care or treatment;

f. emergency-contact information provided by employees, persons arrested or in custody, complainants, or witnesses;

g. information which can in any way identify the spouse, child(ren), or other family members of a City of Milwaukee employee;

h. information related to divorce or child custody disputes; and

i. information which can in any way identify the victim of a sexual assault, attempted sexual assault, rape, attempted rape or domestic violence.

2. Designation of confidential information must be made by placing or affixing on the document, in a manner that will not interfere with its legibility, the word "CONFIDENTIAL." Counsel for the parties must keep all documents designated as confidential that are received under this Rule secure within their exclusive possession and must place such documents in a secure area.

3. Documents designated as confidential must not be used or disclosed by the parties or counsel for the parties or any persons identified in paragraph (4) for any purposes whatsoever other than for preparing for and conducting the litigation in which the documents were disclosed (including appeals).

4. The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as

confidential under this rule to any other person or entity, except that disclosures may be made in the following circumstances:

    a.    Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this rule requiring that the documents and information be held in confidence.

    b.    Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information.

    c.    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Before disclosure to any such court reporter or person engaged in making photocopies of documents, such reporter or person must agree to be bound by the terms of this Rule.

    d.    Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this rule requiring that the documents and information be held in confidence.

5.    To the extent that any of the records referenced in paragraph 1 are filed with the Court, or are substantively incorporated in any papers to be filed with the court, the records and papers must be redacted only to the extent necessary. If the parties seek to seal a document, either in part or in full, they must file a motion to seal that document, together with a redacted

copy on the record. They must also simultaneously file unredacted copies under seal with the Clerk of Court in an envelope marked "SEALED." A reference to this rule may also be made on the envelope. The parties shall act in good faith in designating records to be filed, in whole or in part, under seal.

6. A party or interested member of the public may challenge the designation of confidentiality by motion. The movant must accompany such a motion with the statement required by Civil L. R. 37. The party prevailing on any such motion is entitled to recover as costs its actual attorney fees and costs attributable to the motion.

7. At the conclusion of the litigation, all material not received in evidence and treated as confidential under this Rule must be returned to the originating party, or if the parties so stipulated, the material may be destroyed.

8. After termination of this litigation, this Order shall continue to be binding upon the parties hereto, and upon all parties to whom confidential discovery material has been disclosed or communicated, and this Court shall retain jurisdiction over the parties and such persons for the enforcement of the provisions hereof.

Dated at Milwaukee, Wisconsin, this 19th day of April, 2016.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge