UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIE JAMES NEWMAN,

        Plaintiff,

v.                                           Case No.: 15-CV-01363

MICHAEL VAGNINI,
JEFFREY CLINE, and
PAUL MARTINEZ,

        Defendants.

## STIPULATION REGARDING EVIDENTIARY MATTERS

Defendants, by and through their counsel, Grant F. Langley, City Attorney, by Assistant City Attorney Susan E. Lappen, along with plaintiff, by and through counsel Ronald Bornstein, hereby stipulate that the jury will not be presented with the following subject matter areas:

1. The parties agree that they will not present any statements, evidence, testimony or argument regarding/from Brian Kozelek, Jeffrey Dollhopf, or Jacob Knight, regarding the subject incident, other than to acknowledge that they were present on scene, but that they were attending to plaintiff's brother, Travares Newman, who was also on scene.

2. The parties agree that they will not present any statements, evidence, testimony, or argument relative to any other events involving the Milwaukee Police Department, or other Milwaukee Police Department officers, which have been reported in the media, including any matters involving Frank Jude, Dontre Hamilton, Derek Williams, or Sylville Smith. Additionally, the parties agree to not present any statements, evidence, testimony, or argument relative to any other similar events involving other law enforcement agencies or other law

enforcement officers, like information regarding police shootings which have occurred in Ferguson, MO and New York. Plaintiff will argue in the context of motions *in limine* that he should be allowed to present evidence of other allegations of sexual assault by former Officer Vagnini, pursuant to Rule 415 of the Federal Rules of Evidence, and/or other wrongful acts allegedly committed by any of the defendants, pursuant to Rule 404(b). The defense opposes the presentation of such evidence, and will accordingly present the Court with a relevant motion *in limine*.

3.  The parties agree to not present any statements, evidence, testimony or argument regarding a) a meeting at a park which involved certain Milwaukee Police Department officers, and which occurred in March, 2012; b) a bullet casing which was allegedly placed in an officer's mail slot at his work location; c) the receipt of psychological counseling or treatment by any defendant officer, or any other MPD officer; d) any events wherein any defendant officer, or any other MPD officer, was drinking alcohol or was intoxicated; 3) the John Doe proceedings which were held in 2012 relative to allegations of unlawful searching by MPD officers; f) and any letters or other communications submitted to the Milwaukee County Circuit Court by former relatives of any of the officers, in the context of the related criminal court proceedings.

4.  Counsel agree that no newspaper articles or social media postings regarding either the events which are involved with the subject matter of this lawsuit, or any other events which were related to allegations of unlawful searching by any Milwaukee police officer, including any of the former officers named as defendants in this case, will be presented during the course of trial. Depending on the Court's rulings regarding motions *in limine*, witnesses may testify that other complaints were filed with the MPD regarding allegations of unlawful searching techniques, after similar complaints were made public in late March, 2012.

5. Counsel agree to not make mention of Defendant Vagnini's current employer, or the form of his current employment. Mr. Vagnini may testify that he is currently employed, and that he resigned from the Milwaukee Police Department in 2013.

6. Counsel agree that they will not present any statements, evidence, testimony or argument regarding the fact that former Officer Vagnini pleaded no contest to various criminal charges levied against him in 2012. Plaintiff's counsel reserves the right to present evidence regarding Mr. Vagnini's criminal convictions, pursuant to Rule 609. Defense counsel also reserves the right to present evidence regarding Mr. Newman's criminal convictions, pursuant to Rule 609. Plaintiff's counsel also reserves the right to introduce the statements of Mr. Vagnini and his lawyer, made at Mr. Vagnini's sentencing hearing. Defendants object to these statements, and they are a subject of the parties' motions *in limine*.

7. Counsel agree to not present any statements, evidence, testimony or argument regarding the penalties assessed against Mr. Vagnini, as a result of the convictions entered pursuant to his no contest pleas, including the terms of his incarceration or the fact of his incarceration. Defense counsel will be filing a motion *in limine*, to preclude information regarding the circumstances surrounding the criminal charges levied against Mr. Vagnini in 2012.

8. Counsel agree that they will not present any statements, evidence, testimony or argument asserting that any of the defendant officers were improperly hired, trained or supervised. However, the plaintiff maintains that in this case, he will pursue his claim that Officers Cline and Martinez failed to intervene and stop an alleged unlawful search by then Officer Vagnini.

9. Counsel agree that they will not present any statements, evidence, testimony or argument challenging the lawfulness of the stop and arrest of Mr. Newman, including the manner by which he was ordered out of his vehicle. However, the plaintiff maintains his claims regarding the lawfulness of the manner by which he was searched.

10. Counsel agree that they will not provide any statements, evidence, testimony or argument suggesting that Chief Flynn's policing strategies, policies, training, job performance, or conduct were unlawful. The plaintiff, however, will maintain his failure to intervene claim as against Officers Cline and Martinez.

11. Counsel agree that they will not present any statements, evidence, testimony, or argument regarding former Milwaukee Police Sergeant Jason Mucha, or any court proceedings in which he was a party or witness.

12. The parties will not make any reference to jurors as taxpayers, or that the taxpayers would be responsible for any potential judgment that might be entered against any defendant in this case.

13. The parties shall not make any reference, suggestion, or offer any evidence as to any restraining orders against the plaintiff, Willie Newman, by his significant others and/or wives.

14. Subject to the Court's determination as to relevance, copies of the surveillance videos and photographs depicting the physical premises of Haji's Red Hots, retrieved by MPD staff from MPD record retention facilities, may be admitted into evidence at trial without foundation testimony as to their authenticity.

15. The parties agree that at all times material to the subject matter of this case, Michael Vagnini, Jeffrey Cline, and Paul Martinez were acting under color of law, and within the course and scope of their employment as Milwaukee police officers.

BORNSTEIN LAW OFFICES SC

Dated: 11/9/16

s/Ronald Bornstein
ATTORNEY RONALD BORNSTEIN
State Bar No. 1005019
Attorney for Plaintiff

GRANT F. LANGLEY
City Attorney

Dated: 11/9/16

s/Susan E. Lappen
SUSAN E. LAPPEN
Assistant City Attorney
State Bar No. 01003567
Attorneys for Defendants

P.O. ADDRESS:
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
Telephone: 414-286-2667
Fax: 414-286-8550
Email: slappe@milwaukee.gov

1032-2015-2891/234120